IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 DEC 19 P 1:38
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JR a Minor, by his mother and father EAR and TMR  Plaintiffs | |
| v. | |
| PIKE COUNTY BOARD OF EDUCATION, SAMUEL MARK BAZZELL Individually and in his official capacity as Superintendent of Schools; TERRY CASEY, individually and in his official capacity as Principal Of Pike County High School, BUDDY PYRON, individually and in his official capacity as Principal of Pike County High School, ROBERT MCDANIEL, individually and in his official capacity as Assistant/ Principal of Pike County High School; CHARLES LESLIE COON, individually and in his official capacity as a teacher at Pike County High School DOE DEFENDANTS 1-5 being those persons legally responsible for providing for the safety of special education students and for conducting investigations of complaints relating to the physical safety of students and for establishing policies and procedures to protect said students.  Defendants | PLAINTIFF DEMANDS A JURY<br><br>TRIAL ON ALL COUNTS<br><br>Case No. CV 2:06CV1120-MEF |

## COMPLAINT
### Parties

1. Plaintiff JR is a minor and is the son of EAR and TMR who sue on his behalf as his parents and legal guardians  JR is a special education student and is mentally retarded. He is a resident of Pike County Alabama and at all times relevant hereto was enrolled in the Pike County School system.

1

2. Plaintiff E.A.R. is the mother of J.R. She is an adult resident of Pike County Alabama and at all times relevant hereto she has been one of the custodial parents of J.R.

3. Plaintiff T.M.R. is the father of J.R. He is an adult resident of Pike County Alabama and at all times relevant hereto he has been one of the custodial parents of J. R.

4. Defendant Pike County Board of Education (hereinafter the " Board") is now, and has been at all times material to this action, a local board of education located within the Northern Division of the Middle District of Alabama.

5. Defendant Mark Bazzell (hereinafter "Bazzell") is an adult and is an employee of the Pike County Board of Education, serving in the capacity of Superintendent of Education. In his capacity as Superintendent he is the agent of the Board responsible for oversight and supervision of all programs, activities and personnel in the Pike County school system. He is sued in his individual and his official capacity.

6. Defendant Terry Casey (hereinafter "Casey") is an adult and at certain times material hereto was an employee of the Board, serving in the capacity of Principal of Pike County High School (hereinafter the "High School". . Casey was at all times material hereto responsible for oversight and supervision of all programs, activities and personnel at Pike County High School. He is sued in his individual and his official capacity.

7. Defendant Buddy Pyron (hereinafter "Pyron") is an adult and at certain times material hereto was an employee of the Board, serving in the capacity of Principal of Pike County High School (hereinafter the "High School". Pyron was at all times material hereto responsible for oversight and supervision of all programs, activities and personnel at Pike County High School. He is sued in his individual and his official capacity.

8. Defendant Robert McDaniel (hereinafter "McDaniel") is an adult and at certain times material hereto was an employee of the Board, serving in the capacity of Assistant Principal or Principal of Pike County High School (hereinafter the "High School"). McDaniel was at all times material hereto responsible for oversight and supervision of all programs, activities and personnel at Pike County High School. He is sued in his individual and his official capacity.

9. Defendant Charles Leslie Coon (hereinafter "Coon") is an adult and was, at all times material hereto, an employee of the Pike County Board of Education. He was a teacher of the plaintiff J.R and was at all times hereto responsible for oversight, supervision and personal safety and security of this student while he was in his custody on school grounds. Coon is sued in his individual and official capacity.

10. Upon information and belief, Coon is currently incarcerated and has plead guilty to sexual abuse of Plaintiff J.R..

11. Doe Defendants 1-5 are those persons legally responsible for providing for the safety and personal security of students and for conducting investigations of complaints relating to the personal safety and security of students, including special education students, and for establishing policies and procedures to protect said students.

### Jurisdiction & Venue

12. Jurisdiction in this matter is based on The Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter §504); 42 U.S.C. §1983; 42 U.S.C. §1988 The United States Constitution; 28 U.S.C. §1331; 28 U.S.C. §1367 and Title IX of the Education Amendments of 1972 20 U.S.C. §1681(a).

13. Venue is appropriate under 28 U.S.C. 1391(b).

### Facts

14. Plaintiff JR. is a minor child and is a qualified individual with a disability as defined by the following statutes: the Alabama Exceptional Children's Education Act, Individuals with Disabilities Education Improvement Act and Section 504 of the Rehabilitation Act.

15. J.R. has been enrolled in the Pike County school system since approximately 1994 and has been classified as a special education student since approximately 1996. JR's area of disability is mental retardation.

16. The Board is a governmental entity for the purposes of 42 U.S.C. §1983 and 1988. The Board is required to provide special education and related services to students with disabilities within its jurisdiction pursuant to Section 504.

17. The Board is a recipient of federal financial assistance to aid in the provision of special education and other educational services to students with disabilities.

18. Defendant Bazzell is an employee of the Board of Education, serving in the capacity of Superintendent of Education. At all times relevant hereto, in his capacity as Superintendent he is the agent of the Board responsible for oversight and supervision of all programs, activities and personnel in the Pike County school system. Bazzell was also responsible for establishing and ensuring the implementation of policies and procedures for the system.

19. Defendant Casey at certain times material hereto was an employee of the Board, serving in the capacity of Principal of the High School Casey was at all times material hereto responsible for oversight and supervision of all programs, activities and personnel at Pike County High School. Casey was responsible for implementing policies and procedures for the system as they related to the high school employees and students.

20. Defendant Pyron at certain times material hereto was an employee of the Board, serving in the capacity of Principal of the High School  Pyron was at all times material hereto responsible for oversight and supervision of all programs, activities and personnel at Pike County High School. He is sued in his individual and his official capacity  Pyron was responsible for implementing policies and procedures for the system as they related to the high school employees and students.

21. Defendant McDaniel at certain times material hereto was an employee of the Board, serving in the capacity of Assistant Principal of the High School  McDaniel was at all times material hereto responsible for oversight and supervision of all programs, activities and personnel at Pike County High School. He is sued in his individual and his official capacity  McDaniel was responsible for implementing policies and procedures for the system as they related to the high school employees and students.

22. Defendant Coon was, at all times material hereto, an employee of the Pike County Board of Education. He was a teacher of the plaintiff J.R and was at all times hereto responsible for oversight, supervision and personal safety and security of this student while he was in his custody on school grounds. Coon was also responsible for implementing policies and procedures for the system as they related to the students including attending to the safety and security of said students.

23. Doe Defendants 1-5  are those persons designated by the Board with the responsibility to establish and implement policies and procedures for oversight and supervision of all programs, activities and personnel within the system.

24. At all times material hereto, Defendants individually and jointly acted under color of state law and all defendants were agents, servants or employees of the defendant Board.

25. Beginning in the academic year 2004-2005 the student's personal privacy and security were repeatedly violated by Defendant Coon. Said violations consisted of establishing and maintaining sexual contact with the student; using his authority as a teacher to intimidate and or coerce the student to engage in sexually inappropriate conduct, taking the student off campus in a personal vehicle and using school property and or school procedures to conduct said activities.

26. Defendants Board, Bazzell, Casey, Pyron and McDaniel and John Doe Defendants 1-5 were responsible for establishing and implementing policies and procedures to protect students from violations of personal privacy and security by teachers, including but not limited to sexual contact with students.

27. Defendants Board, Bazzell, Casey, Pyron and McDaniel and Doe 1-5 were responsible for monitoring and investigating complaints that students personal privacy and security were being violated by teachers and for supervising teachers as it relates to this issue.

28. At all times material hereto, the defendants knowingly and/or willfully and or with reckless indifference failed to establish and implement policies and procedures to protect this student from sexual assaults by teachers and failed to adequately monitor and investigate complaints and to inform teachers and parents of the existence of these allegations.

### Count I:   42 U.S.C §1983
### Charles Leslie Coon.

29. Plaintiff adopts and incorporates by reference paragraphs 1-28 hereinabove.

30. Plaintiff has a constitutionally protected liberty interest in his personal security, a right to privacy and/or bodily integrity that is a protected interest under the United States Constitution.

31. The Plaintiff's constitutionally protected rights were clearly established at the time of these incidents and a reasonable person would have known of said rights.

32. Defendant Coon violated those rights as set forth hereinabove.

33. As a result of the defendants' conduct the plaintiff has suffered injuries or damages as set forth hereinafter.

### Count II  42 U.S.C. §1983
### Pike County Board of Education, Mark Bazzell
### Terry Casey, Buddy Pyron, Robert McDaniel and Doe Defendants 1-5

34. Plaintiff adopts and incorporates by reference paragraphs 1-33 hereinabove.

35. Plaintiff has a constitutionally protected liberty interest in his personal security, a right to privacy and/or bodily integrity that is a protected interest under the United States Constitution.

36. The Plaintiff's constitutionally protected rights were clearly established at the time of these incidents and a reasonable person would have known of said rights.

37. Defendants Board, Bazzell, Casey, Pyron, McDaniel and Doe Defendants 1-5 had no formal policy to address issues of bodily integrity, personal security and/or the right to privacy as it relates to students in general and special education students in particular including but not limited to policies relating to training and supervision, investigation of complaints and monitoring and supervision of employee contact with special education students and in particular students with mental retardation.

38. In the alternative, defendants' custom or policy was grossly insufficient and resulted in violations of the plaintiff's clearly protected constitutional rights to privacy, personal security and/ or bodily integrity.

39. The Defendant's conduct as set forth hereinabove evidences deliberate or reckless indifference to the Plaintiff's constitutional rights.

40. There is a causal relationship between the defendants' failure to establish and implement effective policies and procedures and the injuries or damages complained of herein.

41. As a result of the defendants' conduct the plaintiff has suffered injuries or damages as set forth hereinafter.

### Count III: Rehabilitation Act

42. Plaintiff adopts and incorporates by reference paragraphs 1-41 hereinabove.

43. Plaintiff is a disabled individual as that term is defined under the Rehabilitation Act. As a disabled individual he is entitled to services and accommodations necessitated by his to disability—mental retardation—such that he will have similar access to educational programs and services and that he will not be subjected to extraordinary personal security risks arising out of his disability.

44. Because of the nature of the student's mental disability he is unable to judge, respond to or internalize what behavior may be socially appropriate or inappropriate in the school setting to the same extent that a student who is not mentally retarded.

45. Defendants have willfully failed to address these issues in planning his school program.

46. Defendants have further failed to address these issues in terms of monitoring and supervision of employees who come into contact with special education students such as the Plaintiff.

47. Defendants failure to act in this regard amounts to intentional, purposeful bad faith conduct, and violated the rights of Plaintiff secured by Section 504 of the Rehabilitation Act of 1973 *as amended*, 29 U.S.C. §794 and implementing regulations.

48. Accordingly, Defendants have subjected Plaintiff to discrimination on the basis of his disability in violation of 29 U.S.C. §794(a) and implementing regulations.

49. As a result of the defendants' conduct, the plaintiff has suffered injuries or damages as set forth hereinafter.

## Count IV: 20 U.S.C. §1681(a)
## Pike County Board of Education

50. Plaintiff adopts and incorporates by reference paragraphs 1-49 hereinabove.

51. Defendant Board is a recipient of Federal Financial assistance as set forth hereinabove.

52. Plaintiff was subjected to sexual harassment at the hands of a school official which resulted in his exclusion from participation in and denial of the benefits of, an educational program or activity in violation of Title IX. 20 U.S.C. §1681(a).

53. The Board and/or officials of the Board knew or should have known of this harassment.

54. The Board and/or relevant officials who were invested by the Board with the duty to supervise the harrasser and had the power to take action against him remained deliberately indifferent to this harassment and refused to take action against the harasser.

55. As a result of the defendants' conduct, the plaintiff has suffered injuries or damages as set forth hereinafter.

## Count V: Negligence

56. Plaintiff adopts and incorporates herein be reference paragraphs 1-55 hereinabove

57. Defendants Bazzell, Casey Pyron, McDaniel and Doe Defendants 1-5 had a non-delegable statutory duty to report child abuse and/or suspicions of child abuse to the Department of Human Resources pursuant to Ala. Code §26-14-3.

58. Upon information and belief, a timely report was not made when the defendants first knew or should have known that the abuse of a minor child was or had occurred.

59. The defendants' conduct was a breach of the standard of care, particularly as it applies to a mentally disabled student who was unable to act on his own behalf to protect himself from said abuse and/or to seek protection or guidance from other authority figures.

60. The defendant's conduct was the proximate cause of a continuing series of sexually abusive acts which were inflicted on the plaintiff and caused injury or damage as set forth hereinafter.

## Count VI: Wanton and Reckless Conduct

61. Plaintiff adopts and incorporates by reference herein paragraphs 1-60 hereinabove.

62. The failure to report child abuse and/or suspicions of child abuse by defendants Bazzell, Casey, Pyron, McDaniel and Doe Defendants 1-5 was wanton and reckless as it relates to a mentally disabled student who wasn't unable to act on his own behalf to protect himself from said abuse and/or to see protection or guidance from other authority figures.

63. The defendants' conduct was the proximate cause of a continuing series of sexual abusive acts which were inflicted on the plaintiff and caused injury or damage as set forth hereinafter.

### Count VII: 42 U.S.C §1983
### Equal Protection
### Pike County Board of Education

64. Plaintiff adopts and incorporates herein by reference paragraphs 1-63 hereinabove.

65. 42 U.S.C. 1983 provides that any person acting under color of state law who deprives any other person of rights granted by the Constitution or laws of the Unites States shall be liable to that person for equitable or legal relief.

66. As set forth hereinabove, Plaintiff was denied equal protection of the law to the extent that policies and procedures implemented by the Board did not allow him the same level of personal security, personal privacy and/or bodily integrity as was provided to other students enrolled in the Board's programs.

67. Defendants Board's conduct was with reckless and willful disregard for the student's right to participate in educational programs in a non-discriminatory manner.

68. As a result of the defendants' conduct, the plaintiff has suffered injuries or damages as set forth hereinafter.

### Injuries or Damages

69. As a result of Defendant's conduct, J.R. suffered and continues to suffer, mental anguish, distress, humiliation, embarrassment, regression in academic and social skills, exclusion from his regular school environment with no friends or support, ongoing fear and confusion, all exacerbated by his disability.

70. The Plaintiff will require continuing counseling, care and training associated with his social and emotional development which would not have been required but for the defendants conduct.

### Prayer for Relief

**WHEREFORE, THE PREMISES CONSIDERED**, the Plaintiffs request the following relief:

A. That the Court assume Jurisdiction in this case;
B. That the matter be set for trial by jury;
C. Issue an award of compensatory damages against the defendants
D. Issue and award of punitive damages against the defendants.
E. Award Plaintiffs' attorney fees and costs pursuant to 29 U.S.C. 794 and 42 U.S.C. §1988 and under the Rehabilitation Act;
F. Award such other further relief deemed appropriate by this Honorable Court.

Respectfully submitted on this the 19th day of December, 2006.

*/s/ Susan Shirock DePaola*

Susan Shirock DePaola-ASB: 7431-L75S
Deanie Clark Allen-ASB: 1662-G69A
Attorneys for JR a minor, and mother EAR and father TMR

Susan Shirock DePaola
1726 West Second Street~Suite B
Montgomery, Alabama 36106
334-262-1600
specialeducationattorney@mindspring.com

Deanie Clark Allen
Azar & Azar, L.L.C.
Aliant Center
2740 Zelda Road, Fourth Floor
Montgomery, AL 36106
334-265-8551
dallen@azarlaw.com