IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JR, a minor, by his mother and father EAR and TMR,<br><br>    Plaintiffs,<br><br>v.<br><br>PIKE COUNTY BOARD OF EDUCATION, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NUMBER:<br>2:06-cv-1120-MEF |

## **ANSWER**

Come now the Defendants Pike County Board of Education (hereinafter "Board"), Samuel Mark Bazzell (hereinafter "Bazzell"), Terry Casey (hereinafter "Casey"), Buddy Pyron (hereinafter "Pyron"), and Robert McDaniel (hereinafter "McDaniel") (or hereinafter collectively referred to as "Defendants") to answer the complaint; and in furtherance thereof states:

### Affirmative Defenses

1. The doctrine of governmental immunity constitutes a complete defense to Plaintiff's request for relief.

2. As a matter of law, Plaintiff is not entitled to recover compensatory or punitive damages against the Board.

3. Plaintiff's claims for punitive damages are barred by the Fourteenth Amendment to the United States Constitution.

4. Plaintiff cannot recover punitive damages against the Board because such an award, which is penal in nature, would violate the Board's constitutional rights protected under the Alabama Constitution of 1901, as amended, and the Constitution of the United States.

5. Defendants deny they have violated Plaintiff's rights under 42 U.S.C. § 1983.

6. Defendants affirmatively allege that they did not intentionally or knowingly deprive Plaintiffs of any established constitutional rights; any act by any of said Defendants, about which Plaintiffs complain, were discretionary acts pursuant to lawful authority, done in good faith, and in the performance of an official duty.

7. The school district is a political subdivision of the State of Alabama and operates pursuant to the general laws of the state. As such, Defendant Board is protected from suits grounded in negligence by the doctrine of governmental

immunity. Defendant Board claims the affirmative defense of governmental immunity.

  8. Plaintiffs cannot recover damages against the Defendants. Punitive damages are not available under 42 U.S.C. § 1983 from a <u>governmental entity</u>. *Garrett v. Clarke County Bd. of Educ.*, 857 F. Supp. 949 (S.D. Ala. 1994), citing *Kubany v. School Bd. of Pinellas County*, 839 F. Supp. 1544, 1551 (M.D. Fla. 1993) (limiting plaintiff's damages in a § 1983 action against a school board to compensatory damages); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 13, 105 S. Ct. 3099, 3106; *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. l2748, 69 L.Ed.2d 616 (1981).

  Additionally, § 1981a(b)(1) of the Civil Rights Act of 1991 qualifies the availability of punitive awards:

> A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual. (Emphasis added.)

In *Garrett v. Clarke County Bd. of Educ.*, 857 F. Supp. 949 (S.D. Ala. 1994), the United States District Court for the Southern District of Alabama stated:

> In no event, however, may the complaining party recover punitive damages from a governmental entity. 42 U.S.C. § 1981a(b)(1). <u>Since the Board, and the Superintendents in their official capacities, are governmental entities, the</u>

3

> plaintiff in the action sub judice cannot possibly recover Title VII punitive damages from them. Therefore, the plaintiff's Title VII claims for punitive damages against the Board and against the Superintendents in their official capacities are due to be dismissed with prejudice. (Emphasis added.)

9. The individual Defendant is entitled to judgment as a matter of law in that Plaintiff has sued public officials acting within the line and scope of their employment.

10. Insofar as Plaintiffs' action is based on 42 U.S.C. § 1983, the complaint fails to state a claim upon which relief, monetary or otherwise, can be granted against these Defendants in their official capacity as employees of the Pike County Board of Education.

11. Neither punitive nor compensatory damages are available against these Defendant based on the allegations of the complaint; nor under the provision of 42 U.S.C. § 1983. The named Defendants were acting in their official capacities and are not liable for punitive damages.

12. At the time this Answer is made, Defendants have not had the benefit of discovery. Accordingly, Defendants reserve the right, upon completion of discovery, to amend their Answer to add such additional and supplemental defenses as may be appropriate.

Response to Allegations in Complaint
==

Without waiving any of the foregoing defenses, the Defendants respond to the specific allegations made by Plaintiffs. Defendants, in response to the specific allegations raised in Plaintiffs' complaint, state in seriatim as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted as to sentences 1 and 2 but denied that Bazzell should be sued in his individual capacity. Bazzell's only connection with Plaintiff JR was in his official capacity as Superintendent of the Pike County Board of Education.

6. Admitted as to sentences 1 and 2 but denied that Casey should be sued in his individual capacity. Casey's only connection with Plaintiff JR was in his official capacity as Principal of Pike County High School.

7. Admitted as to sentences 1 and 2 but denied that Pyron should be sued in his individual capacity. Pyron's only connection with Plaintiff JR was in his official capacity as Principal of Pike County High School.

8. Admitted as to sentences 1 and 2 but denied that McDaniel should be sued in his individual capacity. McDaniel's only connection with Plaintiff JR was in his official capacity as Assistant Principal of Pike County High School.

9. Admitted that Coon was a teacher employed by the Board, but deny the remaining allegations.

10. Defendant Coon's status is not known to these Defendants.

11. No response required by these Defendants for Doe defendants.

12. Defendants admit that this Court has jurisdiction to adjudicate matters properly invoking the statutes referenced, but denies that jurisdiction is properly invoked by the facts of this case. Defendants deny that Plaintiffs are entitled to the relief sought.

13. Admitted.

14. Admit that JR is eligible for special education services.

15. Admit that JR has been a student in the Pike County School System. Defendants neither admit nor deny the remaining allegations of this paragraph and demand strict proof thereof.

16. Admitted.

17. Admitted.

18. Admit that Defendant Bazzell is the Superintendent of the Pike County Board of Education, but deny he is the agent of the Board. As

6

Superintendent, Bazzell serves as chief executive officer of the Board and recommends policy of the Board.

19. Admit that Defendant Casey was Principal of Pike County High School and served in that capacity pursuant to the duties and responsibilities of the Board.

20. Admit that Defendant Pyron was Principal of Pike County High School and served in that capacity pursuant to the duties and responsibilities of the Board.

21. Admit that Defendant McDaniel was Principal of Pike County High School and served in that capacity pursuant to the duties and responsibilities of the Board.

22. These Defendants neither admit nor deny the allegations regarding Defendant Coon and demand strict proof thereof.

23. No response required by these Defendants regarding Doe defendants.

24. Denied.

25. Denied and these Defendants demand strict proof thereof.

26. Without responding for Defendant Coon, these Defendants oversaw the operation of the Pike County High School and school-related activities.

27. Admitted.

28. Denied.

29.-33.    No response required by these Defendants regarding separate Defendant Coon.  These Defendants deny that Plaintiffs are entitled to relief.

34.-41.    These Defendants deny the material allegations of these paragraphs set forth in Count II and deny that Plaintiffs are entitled to the relief sought.  These Defendants deny the allegations that they violated any legal or protected right of Plaintiffs.  Denied that Plaintiff have suffered injuries as the result of Defendant Board, McDaniel, Pyron, Bazzell or Casey's conduct.

42.-49.    These Defendants deny the material allegations of these paragraphs set forth in Count III and deny that Plaintiffs are entitled to the relief sought.  These Defendants deny the allegations that they violated any legal or protected right of Plaintiffs.  Denied that Plaintiffs have suffered injuries as the result of Defendant Board, McDaniel, Pyron, Bazzell or Casey's conduct.

50.-55.    These Defendants deny the material allegations of these paragraphs set forth in Count IV and deny that Plaintiffs are entitled to the relief sought.  These Defendants deny the allegations that they violated any legal or protected right of Plaintiffs.  Denied that Plaintiffs have suffered injuries as the result of Defendant Board, McDaniel, Pyron, Bazzell or Casey's conduct.

56.-60.    These Defendants deny the material allegations of these paragraphs set forth in Count V and deny that Plaintiffs are entitled to the relief sought.  These Defendants deny the allegations that they violated any legal or

protected right of Plaintiffs.  Denied that Plaintiffs have suffered injuries as the result of Defendant Board, McDaniel, Pyron, Bazzell or Casey's conduct.

61.-63.  These Defendants deny the material allegations of these paragraphs set forth in Count VI and deny that Plaintiffs are entitled to the relief sought.  These Defendants deny the allegations that they violated any legal or protected right of Plaintiffs.  Denied that Plaintiffs have suffered injuries as the result of Defendant Board, McDaniel, Pyron, Bazzell or Casey's conduct.

64.-68.  These Defendants deny the material allegations of these paragraphs set forth in Count VII and deny that Plaintiffs are entitled to the relief sought.  These Defendants deny the allegations that they violated any legal or protected right of Plaintiffs.  Denied that Plaintiffs have suffered injuries as the result of Defendant Board, McDaniel, Pyron, Bazzell or Casey's conduct.

69.  Denied that Plaintiffs have suffered injuries as the result of Defendant Board, McDaniel, Pyron, Bazzell or Casey's conduct.

70.  Denied that Plaintiffs have suffered injuries as the result of Defendant Board, McDaniel, Pyron, Bazzell or Casey's conduct.

<u>Prayer for Relief</u>:  Defendant Board, Bazzell, Casey and McDaniel deny that Plaintiffs are entitled to any relief from these Defendants.

### General Denial

Defendants admit and re-allege each and every defense contained in this Answer as if set out anew. Defendants deny the material allegations set forth in the Complaint upon which Plaintiffs rely for the relief sought and specifically denies that Plaintiffs have been adversely affected, suffered any injuries or damage and demands strict proof thereof.

Defendants are without sufficient information to form a belief as to whether Plaintiffs have satisfied all administrative prerequisites to bringing this claim, and therefore, consistent with the affirmative defenses set forth herein, denies that Plaintiffs are entitled to the relief sought.

Defendants deny all allegations set forth in the Complaint that they have not specifically admitted and demand strict proof thereof.

WHEREFORE, having responded to each and every allegation of the Complaint and having asserted affirmative defenses thereto, Defendants respectfully request that judgment be entered in Defendants' favor and that Plaintiffs take nothing by their Complaint and that Defendants have judgment for cost of suit and reasonable attorneys' fees and any other such relief as the Court may deem proper.

                                        s/Donald B. Sweeney, Jr.
                                          Donald B. Sweeney, Jr.

            s/F. Keith Covington
            F. Keith Covington

OF COUNSEL

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

 I hereby certify that on January 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

 Deanie Clark Allen, Esq.
 Susan Shirock DePaola, Esq.

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

 None

            Respectfully submitted,

            s/ Donald B. Sweeney, Jr.
            Donald B. Sweeney, Jr.
            (asb-3803-277d)
            Bradley Arant Rose & White LLP
            One Federal Place
            1819 Fifth Avenue North
            Birmingham, AL 35203-2104
            Telephone: (205) 521-8000
            Facsimile: (205) 521-8800
            E-mail: dsweeney@
            bradleyarant.com