IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JR a Minor, by his mother and father** | * |
| **EAR and TMR** | * |
| **Plaintiffs** | * |
| **v.** | * |
| | * |
| **PIKE COUNTY BOARD OF** | * |
| **EDUCATION,** | * |
| **SAMUEL MARK BAZZELL** | * |
| **Individually and in his official capacity** | * |
| **as Superintendent of Schools;** | * |
| **TERRY CASEY, individually and in** | * |
| **his official capacity as Principal** | * |
| **Of Pike County High School,** | *   Case No. CV 2:06-cv-1120-MEF |
| **BUDDY PYRON, individually and in** | * |
| **his official capacity as** | * |
| **Principal of Pike County High School,** | * |
| **ROBERT MCDANIEL, individually** | * |
| **and in his official capacity as Assistant/** | * |
| **Principal of   Pike County High School;** | * |
| **CHARLES LESLIE COON, individually** | * |
| **and in his official capacity as a teacher** | * |
| **at Pike County High School** | * |
| **DOE DEFENDANTS 1-5 being those** | * |
| **persons legally responsible for providing** | * |
| **for the safety of special education** | * |
| **students and for conducting** | * |
| **investigations of complaints** | * |
| **relating to the physical safety of** | * |
| **students and for establishing policies** | * |
| **and procedures to protect said students.** | * |
| **Defendants** | * |

**REPORT OF PARTIES RULE 26 Fed. R. Civ. P.**
**PLANNING MEETING**

**1. Planning Meeting:** Pursuant to Rule 26(f), Fed. R. Civ. P., a meeting was

held on March 26, 2007 at 1:00 p.m. and was attended by Susan Shirock DePaola and

Deanie Allen on behalf of the plaintiff and Donald Sweeney on behalf of all Defendants

other than Charles Leslie Coon.    A Default having entered against Defendant Coon and due to his current incarceration he was not included in the meeting.

**2. Pre-discovery Disclosures:**   The parties stipulate and agree that they will exchange by April 15, 2007 the information required by Rule 26(a), Fed. R. Civ. P..

**3. Discovery Plan:**   The parties jointly propose to the court the following discovery plan:

   A.  Discovery will be needed on the following subjects:  all contentions and facts relating to the allegations of the complaint and the defenses of the Defendant(s) to said allegations.

   B.  All discovery other than depositions of expert witnesses will be commenced in time to be completed by November 1, 2007.

   C.  A Maximum of fifty (50) interrogatories, including all discrete subparts, by each party to any other party, which may be extended by agreement of parties or with leave of the court.  Responses due thirty days after service.

   D.  Maximum of fifty (50) requests for production, including all discrete subparts, by each party to any other party, which may be extended by agreement of the parties or by leave of court.  Responses due thirty days after service.

   E.  Maximum of thirty (30) requests for admission by each party to any other party, which may be extended by agreement of the parties or by leave of court.  Responses due thirty days after service.

   F. In addition to the depositions of the parties to this proceeding, a maximum of twelve depositions of fact witnesses by Plaintiff and twelve by Defendant.  Each

deposition is limited to four hours unless extended by agreement of the parties or by leave of court.   Plaintiff reserves the right to file a protective order with respect to the scope and content of depositions of the minor plaintiff and shall not be construed as consenting thereto as a result of this filing.

    G.  Reports from retained experts under Rule 26(a)(2)  due:  Plaintiff August 1, 2007 and from Defendants by September 1, 2007.

    H.  Supplementations under Rule 26(e) due on or before October 1, 2007.

**4. Other items:**

    A.  The parties do not request a Rule 16 scheduling conference with the Court before entry of the scheduling order.

    B.  Parties shall be allowed until June 1, 2007  to join additional parties and to amend the pleadings, subject to requests beyond that day with leave of court.

    C.  All potentially dispositive motions should be filed by December 15, 2007.

    D.  Settlement cannot be realistically evaluated prior to completion of discovery.  The parties have discussed the possibility of mediation and agree that it would be premature to evaluate the usefulness of mediation at this time.

    E.   The parties request a final pretrial conference during the first two weeks of February, 2008.

    F.  Final lists of pretrial evidence under Rule 26(A)(3) shall be due from both parties by thirty (30) days prior to trial.

    G.  Parties shall have fifteen (15) days after service of final lists of trial evidence to list objections under Fed. R. Civ. P. Rule 26(a)(3)

H.  Parties shall have fifteen (15) days after service of final lists of trial evidence to list objections under Fed. R. Civ. P. Rule 26(a)(3)..

I.  This case should be ready for trial by March 1, 2008 and at this time, trial is expected to take approximately 4-5 days.

Dated this  27th  day of  March,  2007.


s/  Susan Shirock DePaola

**Susan Shirock DePaola**
**1726 West Second Street ~Suite B**
**Montgomery, Alabama  36106**
**Phone:  334-262-1600**          **ASB: DEP001**
specialeducationattorney@mindspring.com


s/   Deanie Clark Allen

**Deanie Clark Allen**
**Aliant Center**
**2740 Zelda Road, Fourth Floor**
**Montgomery, Alabama  36106**
**Phone:  334-265-8551**          **ASB:  ALL067**
dallen@azarlaw.com


 s/  Donald B. Sweeney, Jr.

**Donald B. Sweeney, Jr.**
**Keith Covington**
**One Federal Place**
**1819 Fifth Avenue North**
**Birmingham, AL  35203-2104**
**Phone:  2-5=521-8000**          asb- 3803-277-d
**dsweeney@bradleyarant.com**