IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JR a Minor, by his mother and father** | * | |
| **EAR and TMR** | * | |
| **Plaintiffs** | * | |
| **v.** | * | |
| | * | |
| **PIKE COUNTY BOARD OF** | * | **PLAINTIFF DEMANDS A JURY** |
| **EDUCATION,** | * | |
| **SAMUEL MARK BAZZELL** | * | **TRIAL ON ALL COUNTS** |
| **Individually and in his official capacity** | * | |
| **as Superintendent of Schools;** | * | |
| **TERRY CASEY, individually and in** | * | |
| **his official capacity as Principal** | * | |
| **of Pike County High School,** | * | **Case No. CV 2:06-cv-1120** |
| **BUDDY PYRON, individually and in** | * | |
| **his official capacity as** | * | |
| **Principal of Pike County High School,** | * | |
| **ROBERT MCDANIEL, individually** | * | |
| **and in his official capacity as Assistant/** | * | |
| **Principal of Pike County High School;** | * | |
| **CHARLES LESLIE COON, individually** | * | |
| **and in his official capacity as a teacher** | * | |
| **at Pike County High School** | * | |
| **DOE DEFENDANTS 1-5 being those** | * | |
| **persons legally responsible for providing** | * | |
| **for the safety of special education** | * | |
| **students and for conducting** | * | |
| **investigations of complaints** | * | |
| **relating to the physical safety of** | * | |
| **students and for establishing policies** | * | |
| **and procedures to protect said students.** | * | |
| **Defendants** | * | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
Parties

1. Plaintiff JR is a minor and is the son of EAR and TMR who sue on his behalf as his parents and legal guardians. JR is a special education student and is mentally retarded. He is a resident of Pike County, Alabama and at all times relevant hereto was enrolled in the Pike County School system.

2. Plaintiff EAR is the mother of JR. She is an adult resident of Pike County, Alabama and at all times relevant hereto she has been one of the custodial parents of JR.

3. Plaintiff TMR is the father of JR. He is an adult resident of Pike County, Alabama and at all times relevant hereto he has been one of the custodial parents of JR.

4. Defendant Pike County Board of Education (hereinafter the "Board") is now, and has been at all times material to this action, a local board of education located within the Northern Division of the Middle District of Alabama. The Board has the underlying responsibility for hiring, training and supervision of programs, activities and personnel; development and implementation of policies and procedures to address personal privacy and security of special education students; and, for monitoring and investigation of sexually inappropriate conduct and/or violations of personal privacy and security.

5. Defendant Mark Bazzell (hereinafter "Bazzell") is an adult and is an employee of the Pike County Board of Education, serving in the capacity of Superintendent of Education. In his capacity as Superintendent he is the agent of the Board responsible for hiring, training and supervision of programs, activities and personnel; development and implementation of policies and procedures to address personal privacy and security of special education students; and, for monitoring and investigation of sexually inappropriate conduct and/or violations of personal privacy and security. He is sued in his individual and his official capacity.

6. Defendant Terry Casey (hereinafter "Casey") is an adult and at certain times material hereto was an employee of the Board, serving in the capacity of Principal of the High School. Casey was at all times material hereto responsible for hiring, training and supervision of programs, activities and personnel; development and implementation of policies and procedures to address personal privacy and security of special education students; and, for monitoring and investigation of sexually inappropriate conduct and/or violations of personal privacy and security. He is sued in his individual and his official capacity.

7. Defendant Buddy Pyron (hereinafter "Pyron") is an adult and at certain times material hereto was an employee of the Board, serving in the capacity of Principal of the High School. Pyron was at all times material hereto responsible for hiring, training and supervision of programs, activities and personnel; development and implementation of policies and procedures to address personal privacy and security of special education students; and, for monitoring and investigation of sexually inappropriate conduct and/or violations of personal privacy and security. He is sued in his individual and his official capacity.

8. Defendant Robert McDaniel (hereinafter "McDaniel") is an adult and at certain times material hereto was an employee of the Board, serving in the capacity of Assistant Principal or Principal of the High School. McDaniel was at all times material hereto responsible for hiring, training and supervision of programs, activities and personnel; development and implementation of policies and procedures to address personal privacy and security of special education students; and, for monitoring and investigation of sexually inappropriate conduct and/or violations of personal privacy and security. He is sued in his individual and his official capacity.

9. Defendant Charles Leslie Coon (hereinafter "Coon") is an adult and was, at all times material hereto, an employee of the Board. He was a teacher of the plaintiff JR and was at all times hereto responsible for oversight, supervision and personal safety and security of this student while he was in his custody and/or on school grounds. Coon is sued in his individual and official capacity.

10. Upon information and belief, Coon is currently incarcerated and has plead guilty to sexual abuse of Plaintiff JR.

11. Doe Defendants 1-5 are those persons legally responsible for hiring, training and supervision of programs, activities and personnel; development and implementation of policies and procedures to address personal privacy and security of special education students; and, for monitoring and investigation of sexually inappropriate conduct and/or violations of personal privacy and security.

## Jurisdiction & Venue

12. Jurisdiction in this matter is based on The Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter 504); 42 U.S.C. §1983; 42 U.S.C. §1988. The United States Constitution; 28 U.S.C. §1331; 28 U.S.C. §1367 and Title IX of the Education Amendments of 1972 20 U.S.C. §1681(a).

13. Venue is appropriate under 28 U.S.C. §1391(b).

## Facts

14. Plaintiff JR is a minor child and is a qualified individual with a disability as defined by the following statutes: the Alabama Exceptional Children's Education Act, Individuals with Disabilities Education Improvement Act and Section 504 of the Rehabilitation Act.

15. JR has been enrolled in the Pike County school system since approximately 1994 and has been classified as a special education student since approximately 1996. JR's area of disability is mental retardation.

3

16. The Board is a governmental entity for the purposes of 42 U.S.C. §1983 and §1988. The Board is required to provide special education and related services to students with disabilities within its jurisdiction pursuant to Section 504.

17. The Board is a recipient of Federal financial assistance to aid in the provision of special education and other educational services to students with disabilities.

18. Defendant Bazzell is an employee of the Board of Education, serving in the capacity of Superintendent of Education.

19. Defendant Casey at certain times material hereto was an employee of the Board, serving in the capacity of Principal of the High School.

20. Defendant Pyron at certain times material hereto was an employee of the Board, serving in the capacity of Principal of the High School

21. Defendant McDaniel at certain times material hereto was an employee of the Board, serving in the capacity of Assistant Principal of the High School.

22. Defendant Coon was, at all times material hereto, an employee of the Board and acting in his official capacity. He was a teacher of the Plaintiff JR and was at all times hereto responsible for oversight, supervision and personal safety and security of this student while he was in his custody and/or on school grounds. Coon was also responsible for implementing policies and procedures for the system as they related to the students including attending to the safety and security of said students.

23. Doe Defendants 1-5 are those persons designated by the Board with the responsibility for hiring, training and supervision of programs, activities and personnel; development and implementation of policies and procedures to address personal privacy and security of special education students; and, for monitoring and investigation of sexually inappropriate conduct and/or violations of personal privacy and security. .

24. At all times material hereto, Defendants individually and jointly acted under color of state law and all Defendants were agents, servants or employee of the Defendant Board.

25. Beginning in the academic year 2004-2005 the student's personal privacy and security were repeatedly violated by Defendant Coon. Said violations consisted of establishing and maintaining sexual contact with the student; using his authority as a teacher to intimidate and/or coerce the student to engage in sexually inappropriate conduct, taking the student off campus in a personal vehicle and using school property and/or school procedures to conduct said activities.

26. Defendants Board, Bazzell, Casey, Pyron and McDaniel and John Doe Defendants 1-5 were responsible for defelopment and implementation of

4

policies and procedures to address personal privacy and security of special education students.

27. Defendants Board, Bazzell, Casey, Pyron and McDaniel and Doe 1-5 were responsible for monitoring and investigating complaints of sexually inappropriate conduct and/or violations of personal privacy and security.

28. Defendants Board, Bazzell, Casey, Pyron and McDaniel and Doe 1-5 responsible for the hiring, training and supervision of programs, activities and personnel as it relates to personal privacy and security issues for students.

29. At all times material hereto, the Defendants knowingly and/or willfully and/or with reckless indifference failed to consider the issue of sexual assaults in hiring, failed to train and supervise programs, activities and personnel with respect to this issue, failed to develop and implement policies and procedures to address personal privacy and security issues as they relate to special education students and failed to monitor and investigate complaints of sexually inappropriate conduct and/or violations of personal privacy and security of special education students including but not limited to a failure to inform teachers and parents of the existence of these allegations.

**Count I:  42 U.S.C. §1983**
**Charles Leslie Coon**

30. Plaintiff adopts and incorporates by reference paragraphs 1-28 hereinabove.

31. Plaintiff has a constitutionally protected liberty interest in his personal security, a right to privacy and/or bodily integrity that is a protected interest under the United States Constitution.

32. The Plaintiff's constitutionally protected rights were clearly established at the time of these incidents and a reasonable person would have known of said rights.

33. Defendant Coon violated those rights as set forth hereinabove.

34. As a result of the Defendants' conduct, the Plaintiff has suffered injuries or damages as set forth hereinafter.

**Count II:  42 U.S.C. §1983**
**Pike County Board of Education, Mark Bazzell**
**Terry Casey, Buddy Pyron, Robert McDaniel and Doe Defendants 1-5**

5

35. Plaintiff adopts and incorporates by reference paragraphs 1-33 hereinabove.

36. Plaintiff has a constitutionally protected liberty interest in his personal security, a right to privacy and/or bodily integrity that is a protected interest under the United States Constitution.

37. The Plaintiff's constitutionally protected rights were clearly established at the time of these incidents and a reasonable person would have known of said rights.

38. Defendants Board, Bazzell, Casey, Pyron, McDaniel and Doe Defendants 1-5 had no formal policy to address issues of bodily integrity, personal security and/or the right to privacy as it relates to special education students in particular, including but not limited to policies relating to hiring, training and supervision of programs, activities and personnel, and monitoring and investigation of complaints of sexually inappropriate conduct and/or violations of personal privacy and security including but not limited to investigation of complaints and monitoring and supervision of employee contact with special education students and in particular students with mental retardation.

39. In the alternative, Defendants' custom(s) or polic(ies) were grossly insufficient and resulted in violations of the Plaintiff's clearly protected constitutional rights to privacy, personal security and/or bodily integrity.

40. The Defendant's conduct as set forth hereinabove evidences deliberate or reckless indifferences to the Plaintiff's constitutional rights.

41. There is a casual relationship between the Defendants' failure to act as set forth hereinabove and the injuries or damages complained of herein.

42. As a result of the Defendants' conduct the Plaintiff has suffered injuries or damages as set forth hereinafter.

### Count III: Rehabilitation Act

43. Plaintiff adopts and incorporates by reference paragraphs 1-41 hereinabove.

44. Plaintiff is a disabled individual as that term is defined under the Rehabilitation Act. As a disabled individual he is entitled to services and accommodations necessitated by his disability (mental retardation) such that he will have similar access to educational programs and services and that he will not be subjected to extraordinary personal security risks arising out of his disability.

45. Because of the nature of the Plaintiff's mental disability he is unable to judge, respond to or internalize what behavior may be socially appropriate or inappropriate in the school setting to the same extent that a student who is not mentally retarded.

46. Defendants have willfully failed to address these issues in planning his school program.

47. Defendants have further failed to address these issues in terms of hiring, training and supervision of programs, activities and personnel, development and implementation of policies and procedures to address personal privacy and security of special education students and monitoring and investigation of complaints of sexually inappropriate conduct and/or violations of personal privacy and security including but not limited to, monitoring and supervision of employees who come into contact with special education students such as the Plaintiff.

48. Defendants failure to act in this regard amounts to intentional, purposeful bad faith conduct, and violated the rights of Plaintiff secured by Section 504 of the Rehabilitation Act of 1973 *as amended*, 29 U.S.C. §794 and implementing regulations.

49. Accordingly, Defendants have subjected Plaintiff to discrimination on the basis of his disability in violation of 29 U.S.C. §794(a) and implementing regulations.

50. As a result of the Defendants' conduct, the Plaintiff has suffered injuries or damages as set forth hereinafter.

### Count IV:  20 U.S.C. §1681(a)
### Pike County Board of Education

51. Plaintiff adopts and incorporates by reference paragraphs 1-49 hereinabove.

52. Defendant Board is a recipient of Federal financial assistance as set forth hereinabove.

53. Plaintiff was subjected to sexual harassment at the hands of a school official which resulted in his exclusion from participation in and denial of the benefits of, an educational program or activity in violation of Title IX, 20 U.S.C. §1681(a).

54. The Board and/or officials of the Board knew or should have known of this harassment.

55. The Board and/or relevant officials who were invested by the Board with the duty to supervise the harasser and had the power to take action against him remained deliberately indifferent to this harassment and refused to take action against the harasser.

56. As a result of the Defendants' conduct, the Plaintiff has suffered injuries or damages as set forth hereinafter.

### Count V: Negligence

**57.** Plaintiff adopts and incorporates by reference paragraphs 1-55 hereinabove.

**58.** Defendants Bazzell, Casey, Pyron, McDaniel and Doe Defendants 1-5 had a non-delegable statutory duty to report child abuse and/or suspicions of child abuse to the Department of Human Resources pursuant to Ala. Code §26-14-3.

**59.** Upon information and belief, a timely report was not made when the Defendants first knew or should have known that the abuse of a minor child or children may have occurred.

**60.** The Defendants' conduct was a breach of the standard of care, particularly as it applies to a mentally disabled student who was unable to act on his own behalf to protect himself from said abuse and/or to seek protection or guidance from other authority figures.

**61.** The Defendant's conduct was the proximate cause of a continuing series of sexually abusive acts which were inflicted on the Plaintiff and caused injury or damage as set forth hereinafter.

### Count VI: Wanton and Reckless Conduct

**62.** Plaintiff adopts and incorporates by reference herein paragraphs 1-60 hereinabove.

**63.** The failure to report child abuse and/or suspicions of child abuse by Defendants Bazzell, Casey, Pyron, McDaniel and Doe Defendants 1-5 was wanton and reckless as it relates to a mentally disabled student who was unable to act on his own behalf to protect himself from said abuse and/or to seek protection or guidance from other authority figures.

**64.** The Defendants' conduct was the proximate cause of a continuing series of sexual abusive acts which were inflicted on the Plaintiff and caused injury or damage as set forth hereinafter.

### Count VII: 42 U.S.C. §1983
### Equal Protection
### Pike County Board of Education, Mark Bazzell
### Terry Casey, Buddy Pyron, Robert McDaniel and Doe Defendants 1-5

**65.** Plaintiff adopts and incorporates by reference herein paragraphs 1-63 hereinabove.

66. 42 U.S.C. §1983 provides that any person acting under color of state law who deprives any other person of rights granted by the Constitution or laws of the United States shall be liable to that person for equitable or legal relief.

67. As set forth hereinabove, Plaintiff was denied equal protection of the law to the extent that policies and procedures developed and implemented by the Board, Bazzell, Casey, Pyron, McDaniel and Doe Defendants 1-5 did not allow him the same level of personal security, personal privacy and/or bodily integrity as was provided to other students enrolled in the Board's programs.

68. Defendants' conduct was the reckless and willful disregard for the student's right to participate in educational programs in a non-discriminatory manner.

69. As a result of the Defendants' conduct, the Plaintiff has suffered injuries or damages as set forth hereinafter.

## Injuries or Damages

70. As a result of Defendant's conduct, JR suffered and continues to suffer, mental anguish, distress, humiliation, embarrassment, regression in academic and social skills, exclusion from his regular school environment with no friends or support, ongoing fear and confusion, all exacerbated by his disability.

71. The Plaintiff will require continuing counseling, care and training associated with his social and emotional development which would not have been required but for the Defendants conduct.

## Prayer for Relief

**WHEREFORE, THE PREMISES CONSIDERED,** the Plaintiffs request the following relief:

   A. That the Court assume Jurisdiction in this case;
   B. That the matter be set for trial by jury;
   C. Issue an award of compensatory damages against the Defendants;
   D. Issue a mandatory injunction requiring the development and implementation of policies and procedures relating to hiring, training and supervision of programs, activities and personnel with respect to personal privacy and security issues;
   E. Issue a mandatory injunction requiring the development and implementation of Board Policies and procedures relating to monitoring and investigation of complaints of sexually inappropriate conduct and/or violations of personal privacy and security of special education students;
   F. Issue a mandatory injunction requiring the development and implementation of policies and procedures to address personal privacy and security of special education students;
   G. Issue an award of punitive damages against the Defendants;

    H. Award Plaintiffs' attorneys fees and costs pursuant to 29 U.S.C. §794 and §42, U.S.C. §1988 and under the Rehabilitation Act;
    I. Award such other further relief deemed appropriate by this Honorable Court

Respectfully submitted on this 26th day of June, 2007

        /s/   Susan Shirock DePaola
        ASB:  7431-L75S

**Susan Shirock DePaola**
**1726 West Second Street~Suite B**
**Montgomery, AL 36106**
specialeducationattorney@mindspring.com

        /s/   Deanie Clark Allen
        ASB:  1662-G69A

**Deanie Clark Allen**
**Aliant Center**
**2740 Zelda Road, Fourth Floor**
**Montgomery, AL 36106**
dallen@azarlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing First Amended Complaint has been served on the following by ECF or by first class mail, postage prepaid and deposited in a United States mailbox located in Montgomery, Alabama, on this the 26th day of June, 2007.

VIA US MAIL:
Charles Leslie Coon
AIS 244732
Kilby Correctional Facility
PO Box 150
Mt. Meigs, AL 36057

VIA ECF
Donald Sweeney
Via ECF
(for all remaining Defendants)

                         s/ Susan Shirock DePaola