IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JR, a minor, by his mother and father EAR and TMR,<br><br>  Plaintiffs,<br><br>v.<br><br>PIKE COUNTY BOARD OF EDUCATION, et al.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NUMBER:<br>) 2:06-cv-1120-MEF<br>)<br>)<br>)<br>)<br>) |

**JOINT MOTION TO EXTEND TIME
TO FILE DISPOSITIVE MOTIONS
AND
EXTEND DEADLINES**

Come now counsel for parties to jointly move the Honorable Court to extend the time for the parties to file their dispositive motions from November 2, 2007 to January 11, 2007, and to extend all further deadlines as set forth in Appendix A; and in support thereof, state:

Preliminary Statement

The request for a continuance is compelled by the fact that the parties have been unable to take the deposition of a major witness, Andrew Wright with

the East Central Mental Health who is the counselor for the minor plaintiff J.R. Mr. Wright's deposition was originally set for October 1, 2007. The deposition commenced only to be continued when the attorneys learned that Mr. Wright's documents were not complete. The deposition had to be rescheduled to Thursday, October 18, 2007. The attorneys drove to Troy to begin Mr. Wright's deposition at 9 a.m. Mr. Wright did not show. After reaching him, Mr. Wright said he was not in Pike County, was not available, and had simply forgotten about the deposition.

     1.    Andrew Wright, counselor with East Central Mental Health, counsels Plaintiff J.R.

     2.    Mr. Wright's deposition was originally scheduled for October 1, 2007. Mr. Wright's deposition did not go forward on that date because Mr. Wright did not produce legible copies of his records regarding J.R.

     3.    The deposition was rescheduled on October 1, 2007 to October 18, 2007 in Troy, Alabama. All attorneys were present but Mr. Wright did not appear. When the parties were able to contact Mr. Wright he was in another county and stated he had forgotten about the deposition.

4. Mr. Wright's deposition is vital to the parties' dispositive motions. Without Mr. Wright's testimony, the parties are unable to fully set forth the facts and/or defenses.

5. Because of Mr. Wright's schedule and the parties' schedules, the parties are unable to reschedule the deposition until November. Notice of Mr. Wright's deposition for November 20, 2007 is attached as Appendix B.

WHEREFORE, PREMISES CONSIDERED, the parties respectfully moves the Court to extend the dispositive motion deadline to and including January 11, 2007, and all further deadlines as set forth in Appendix A.

    s/Donald B. Sweeney, Jr.
Donald B. Sweeney, Jr.
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

    s/Deanie Clark Allen
DEANIE CLARK ALLEN
Aliant Center
2740 Zelda Road
Montgomery, AL 36106

                        <u>   Susan Shirock DePaola   </u>
SUSAN SHIROCK DEPAOLA
1726 West Second Street, Suite B
Montgomery, AL  36106

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JR, a minor, by his mother and father EAR and TMR,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>PIKE COUNTY BOARD OF EDUCATION, et al.,  )<br>)<br>Defendants.  ) | CIVIL *ACTION* NUMBER:<br>2:06-cv-1120-MEF |

**REVISED UNIFORM SCHEDULING ORDER**

**SECTION 1**.  A pretrial conference of this case is scheduled for **February __, 2008**, in the Chambers of United States District Judge Mark E. Fuller, United States Courthouse, One Church Street, A-300, Montgomery, Alabama, and this cause is set for trial during the term of court commencing on **May __, 2008**, in Montgomery, Alabama.

**SECTION 2**.    Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **January 11, 2008**.  A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference will result in the evidence not being considered by the Court.

**SECTION 7**.    All discovery shall be completed **on or before February 15, 2008**, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 10, to the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 10**.    **On or before March 17, 2008**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 11**.    **On or before March 17, 2008**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed **15 days prior to the trial date**, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 12**.    **On or before March 17, 2008**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are served and filed no later than **15 days prior to the trial date**, the evidence shall be deemed genuine and admissible in evidence. The written objections shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.</u>

DONE this ___ day of October, 2007.

_____
CHIEF UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JR, a minor, by his mother and father EAR and TMR,<br><br>    Plaintiffs,<br><br>v.<br><br>PIKE COUNTY BOARD OF EDUCATION, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NUMBER:<br>)  2:06-cv-1120-MEF<br>)<br>)<br>)<br>)<br>) |

NOTICE TO TAKE DEPOSITION
AND PRODUCTION OF DOCUMENTS

TO:   Deanie Clark Allen, Esq.
        Azar & Azar, LLC
        Aliant Center
        2740 Zelda Road, Fourth Floor
        Montgomery, AL 36106

        Susan Shirock DePaola, Esq.
        1726 West Second Street, Suite B
        Montgomery, AL 36106

        Please take notice that pursuant to the Federal Rules of Civil Procedure 30, Defendants will take the deposition of Andrew Wright, upon oral examination before an officer authorized by law to administer oaths.

1/1588657.2

Said deposition shall be taken on Tuesday, November 20, 2007 at 10 a.m., at the offices of the Pike County Board of Education, 101 West Love Street, Troy, Alabama, and shall continue and/or be resumed from time to time until completed.

REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant requests that deponent named herein produce at the time and date of the above set deposition copies of any and documents of whatsoever kind or nature regarding or relevant to the above-referenced lawsuit including, but not limited to:

1. All records, notes, memoranda, correspondence, audio or video recordings.

2. All documents which said deponent has utilized to prepare for testimony or refresh said deponent's recollection as to any of the subjects set forth herein.

        Donald B. Sweeney, Jr.
        One of the Attorneys for Named Defendants

<u>OF COUNSEL</u>

Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served the above and foregoing on:

Deanie Clark Allen, Esq.
Azar & Azar, LLC
Aliant Center
2740 Zelda Road, Fourth Floor
Montgomery, AL  36106

Susan Shirock DePaola, Esq.
1726 West Second Street, Suite B
Montgomery, AL  36106

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this _____ day of October, 2007.

_____<br>Of Counsel