IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JR a Minor, by his mother and father** | * | |
| **EAR and TMR** | * | |
| **Plaintiffs** | * | |
| **v.** | * | |
| | * | |
| **PIKE COUNTY BOARD OF** | * | |
| **EDUCATION,** | * | |
| **SAMUEL MARK BAZZELL** | * | |
| **Individually and in his official capacity** | * | |
| **as Superintendent of Schools;** | * | |
| **TERRY CASEY, individually and in** | * | |
| **his official capacity as Principal** | * | |
| **Of Pike County High School,** | * | **Case No. CV 2:06-cv-1120-MEF** |
| **BUDDY PYRON, individually and in** | * | |
| **his official capacity as** | * | |
| **Principal of Pike County High School,** | * | |
| **ROBERT MCDANIEL, individually** | * | |
| **and in his official capacity as Assistant/** | * | |
| **Principal of   Pike County High School;** | * | |
| **CHARLES LESLIE COON, individually** | * | |
| **and in his official capacity as a teacher** | * | |
| **at Pike County High School** | * | |
| **DOE DEFENDANTS 1-5 being those** | * | |
| **persons legally responsible for providing** | * | |
| **for the safety of special education** | * | |
| **students and for conducting** | * | |
| **investigations of complaints** | * | |
| **relating to the physical safety of** | * | |
| **students and for establishing policies** | * | |
| **and procedures to protect said students.** | * | |
| **Defendants** | * | |

**SUPPLEMENTAL SUBMISSION IS SUPPORT OF**
**APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

Comes now J.R., a minor et al by and through his attorneys of record,    and makes the following supplemental submission as to attorneys fees as directed  by this Court's Order dated June 13, 2008.

**Attorneys Fees**

The plaintiff is entitled to recover attorneys fees and court costs  in a successful

1

Title IX action..   The statute allows for "reasonable compensation" based on the time, nature, extent and value of the services and the cost of comparable services and for reimbursement for actual, necessary expenses incurred by such an attorney.

The Courts use the twelve Johnson factors to determine a reasonable fee for professional services. <u>Johnson v. Georgia Highway Express</u>, 488 F.2d 714 (5th Cir. 1974). The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill required to properly perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship between with the client; and (12) awards in similar cases.

The Johnson v. Georgia Highway Express factors are analyzed hereinafter. :

<u>Time, Labor and Expenses Required</u>. **Exhibit A** constitutes a detailed itemization of expenses and  time billed for  services rendered by Susan Shirock DePaola s it relates to the issues involving Charles Coon and the issues relating to damages;     **Exhibit B** constitutes a detailed itemization of expenses and time billed for services rendered by Deanie C. Allen which relate directly to the issues involving Charles Coon and the issues relating to damages. The undersigned completed the time records contemporaneously with the rendition of the services described. The time charges for each were reasonable and necessary to the extent that the Court determines they were necessary to render a

2

judgment against defendant Coon.  Although a default was ultimately taken against him all services to that date were required to investigate this matter, to prepare and file the complaint, interrogatories and requests for production, to prove damages and otherwise to prepare the case for trial.   The actual and necessary expenses incurred by counsel  are also set forth in detail in Exhibits A & B which are attached hereto. The time and expenses of counsel are commensurate with the complexity of the  case as it relates to the legal and factual issues involved. The undersigned have made every effort to avoid any unnecessary duplication of time, services and expenses.

The Novelty and Difficulty of Questions Presented by the Case. The legal questions involved in a case relating to sexual abuse of a minor are complex and difficult. The attorneys for the plaintiff drafted and filed a complaint which was legally sufficient and detailed and which accurately reflected available legal remedies.   NO amendments of the claims or causes of action against Defendant Coon were required.

Skill Requisite to Perform the Legal Services Properly. The matters and issues requiring the  attention of the undersigned, as described above, have required considerable knowledge of civil rights and disability law  and substantial investigation of facts. Of particular concern in this case was the inability of the victim to testify and the necessity to prove that the constitutional violations occurred without his direct testimony. Plaintiffs' counsel has done considerable research on this issue and has spent a considerable amount of time interviewing siblings, police personnel and others who might be required to testify as to the act in question.

Customary Fees for Similar Work in the Community. The fees for services rendered by the undersigned  lawyers are customary and usual in the legal community in which the

undersigned practice and the Middle District of Alabama. The hourly rates set forth in **Exhibits A & B** attached hereto, are those customarily charged to the undersigned's' similarly situated clients for similar legal services. Moreover, the undersigned's' rates compare favorably to the rates in the legal community in which this Court is located. The attached **Exhibit C**[1] is an affidavit o James Sears in support of said rates and charges.

Contingent Nature of Fees. The undersigned's' fees are contingent and the plaintiffs are demonstrably unable to pay the fees and expenses required to prosecute this action.

Amount Involved and Results Obtained. The undersigned believe that the fees are reasonable based upon the fact that they have secured a default judgment against this defendant. The court will determine the "amount involved" in ruling on this motion and can address this factor in conjunction with that determination.

Time Limitations Imposed by the Circumstances. This case has occupied a large portion of the time of the undersigned attorneys and has limited them from accepting other cases during the past twelve months.

Experience, Reputation, and Ability of Attorneys. The practice of the undersigned attorneys has been largely limited to disability advocacy and special education law. Both attorneys have educational and legal backgrounds in this area and they are amongst approximately 10 lawyers in the state of Alabama with the background and experience necessary to integrate all of the legal issues which have arisen in this case.

Undesirability of the Case The undersigned believe that this case is largely undesirable to the extent that the plaintiff is unable to pay fees and expenses on an ongoing basis and the undersigned face daunting factual challenges in this case.

---

[1] The Court has previously received on plaintiff's earlier submission the complete Curriculum VITA of Dr. Searas.

<u>Nature and Length of the Professional Relationship with the Client</u>. Deanie Allen has represented the minor plaintiff for two years including representation to resolve educational issues which arose as a result of this experience. Susan Shirock DePaola has had a shorter professional relationship with the client and was associated at the time of the filing of the Federal Court complaint.

<u>Awards in Similar Cases</u>. The fees and expenses requested appear to be commensurate with other similar cases. The undersigned are unaware of other sexual abuse cases litigated in the Federal Court but the fees are certainly similar to fees awarded in other Title IX litigation.

**Request for Entry of Final Judgment**

Wherefore the premises considered, the Plaintiff requests that the Court enter judgment in favor of the Plaintiff and against defendant Coon in the amount of $219,730.00 in compensatory damages, $659,190.00 in punitive damages and further that the Court award fees to Susan Shirock DePaola in the amount of $14,612.50 and expenses in the amount of $1012.14 and fees to Deanie C. Allen in the amount of $9,310.00 and expenses in the amount of $2,067.55.

Respectfully submitted on this the 7th day of July, 2008

/s/   Susan Shirock DePaola
ASB: 7431-L75S

I hereby swear or affirm that the statement contained herein with respect to the fees and expenses in this action are true and correct.

Signed and sworn to on this the 7th day of July, 2008

Notary Public: _____

My Commission Expires _____

**Susan Shirock DePaola**
**1726 West Second Street~Suite B**
**Montgomery, AL 36106**
specialeducationattorney@specialeducationattorney.com

I hereby swear or affirm  that the statement contained herein with respect to the fees and expenses in this action are true and correct.

Signed and sworn to on this the 7th day of July, 2008

Notary Public: _____

My Commission Expires _____

/s/  Deanie Clark Allen
ASB:  1662-G69A

**Deanie Clark Allen**
560 South McDonough~Suite A
Montgomery Alabama  36104
deanieallen@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Application for Entry of Default has been served on  the following by ECF or  by  first class mail, postage prepaid and deposited in a United States mailbox located in Montgomery, Alabama, on  this the 7th day of July, 2008.

VIA US MAIL:
Charles Coon
308 Country Club Drive
Greenville, AL   36037

s/  Susan Shirock DePaola

JR. v. Pike County Board of Education  06→1120

EXHIBIT A

Timesheet:  Susan DePaola

| DATE | ACTIVITY | Total Time | Coon Related |
|---|---|---|---|
| 12.14.06 | Review documents provided by Deanie Allen (DA)<br>Westlaw Research<br>Meeting with DA | 1.6<br>.5<br>2.0 | 1.6<br>.5<br>2.0 |
| 12.15.06 | LR for drafting complaint and prepare first rough draft | 3.0 | 1.5 |
| 12.16.06 | LR re claims or causes of action | 2.0 | 1.0 |
| 12.17.06 | Redraft complaint & review facts with DA | 3.5 | 1.75 |
| 12.18.06 | Drafts 4,5, & 6 of complaint; PC R. Dean re status | 2.5 | 1.0 |
| 12.21.06 | Letter to Parents R. Dean and DA | .3 | .3 |
| 1.16.07 | Review/summarize Title IX Cases | 1.5 | 1.5 |
| 1.17..07 | Meet with family in Troy and DHR representative including travel time | 7.0 | 7.0 |
| 1.19.07 | Review of Federal Title IX regulations; type all notes from meeting in Troy; PC D. Sweeney; letter to family and e→mail and letters to co→counsel and referring attorney | 3.5 | 3.5 |
| 1.20.07 | Review of 11th Cir. Title IX cases  and review status of Fed'l Regulations | 2.0 | 2.0 |
| 1.22.07 | PC  parent re counseling; PC to school counselor | .1 | .1 |
| 1.23.07 | PC parent re counselor and need for JR's consent to contact | .1 | .1 |
| 1.25.07 | LR on "actual knowledge"standard | 1.4 | |
| 1.26.07 | Internet research re expert witness for sexual abuse and MR; review of Davis article "People with MR and Sexual Abuse" | .9 | |
| 1.28.07 | R. of SIECUS Annotated Bilbliography; ARC's Justice Advocacy Guide and Shaeshaft Synthesis of Existing Literature prepared for OSEP | 2.2 | |
| 1.29.07 | PC with potential experts | .8 | |
| 1.30.07 | Continue work to identify expert | 1.3 | |
| 2.5.07 | Meeting in Troy with family including travel (interview siblings) | 5.0 | 5.0 |
| 2.8.07 | Draft/file application for entry of default judgment; continue research with National Child Advocacy | 1.1 | .7 |

JR. v. Pike County Board of Education  06→1120

Timesheet:  Susan DePaola

| | | | |
|---|---|---|---|
| | Center | | |
| 2.22.07 | Begin work on interrogatories and RFP to Board | 1.0 | |
| 2.26.07 | LR re discovery of criminal investigative matters; PC to Attorney General's office; work on response to Motion to Quash and/or consent protective order | 1.7 | 1.7 |
| 2.28.07 | Work on interrogatories and RFP; review documents produced by Pike County | 4.0 | 1.0 |
| 3.2.07 | Talk with AG's office re motion to quash, preview of file from administrative proceeding | 1.2 | 1.2 |
| 3.8.07 | Prepare & file proposed protective order, consult with atty for BF and AG's office | 1.1 | 1.1 |
| 3.12.07 | **Date of Clerk's Entry of Default Judgment** | | |
| | | | |
| 3.20.07 | Work on draft report of parties planning meeting; letter to witness | 1.0 | |
| 3.26.07 | Meeting with D. Sweeney & DA; Rule 26 Planning meeting | 1.0 | |
| 4.12.07 | Meeting with DA re initial disclosures | 1.5 | |
| 4.30.07 | Meeting with DA | 1.0 | |
| 5.8.07 | Response to motion to quash and letter to D. Sweeney re depositions | .5 | |
| 6.6.07 | Amend complaint | 1.1 | |
| 6.13.07 | Review letter from D. Sweeney; draft/send response<br>Meeting with M.Crow re sexual abuse case | .4<br>1.5 | .8 |
| 6.15.07 | Meeting with parents to prepare for deposition | 2.5 | |
| 6.16.07 | Contact with potential expert | 1.2 | |
| 7.20.07 | Attend depositions in Pike county | 7.8 | |
| 7.22.07 | Deposition preparation | 4.5 | |
| 7.24.07 | Depositions in Pike County | 8.0 | |
| 7.25.07 | Depositions in Pike County | 8.0 | |
| 8.9.07 | Review of DA's letter to D. Sweeney and cases | 1.0 | |

JR. v. Pike County Board of Education  06→1120

Timesheet:  Susan DePaola

| Date | Description | | |
|---|---|---|---|
| 8.21.07 | Certification prepared for Pike county Circuit Clerk; Review of NOD's and work on protective order with DHR | 1.8 | .8 |
| 8.22.07 | LR re "individual liability" in response to D. Sweeney's letter | 1.2 | |
| 8.31.07 | Meeting with DA to discuss additional discovery | 1.0 | |
| 9.3.07 | Deposition preparation | 1.0 | |
| 9.4.07 | Depositions in Pike county | 6.0 | |
| 9.6.07 | Meeting with Lucia Grantham | 1.5 | |
| 9.10.07 | Westlaw research re 26© motion for protective order | 1.4 | |
| 9.12.07 | Draft letter to D. Sweeney re deposition and draft protective order | 2.0 | |
| 10.1.07 | Deposition preparation | 2.1 | 1.0 |
| 10.2.07 | Attend depositions in Troy including testimony of Andrew Wright re damages | 8.0 | 2.0 |
| 10.3.07 | Begin summary of Bazzell deposition | 1.0 | |
| 10.4.07 | Meeting in Daphne with expert including travel time | 7.0 | |
| 10.18.07 | Depositions in Troy | 4.0 | |
| 10.25.07 | Trip to Greenville to review Probate Court records re Coon | 2.0 | 2.0 |
| 10.29.07 | Review of expert report and draft plaintiff's disclosures | 2.1 | |
| 10.31.07 | Meeting with client re default hearing; attend hearing and present testimony | 1.8 | 1.8 |
| 12.26.07 | Work on renewed Motion for Default Judgment | 4.0 | 4.0 |
| 12.27.07 | Work on default | 3.5 | 3.5 |
| 1.4.08 | Work on Default and forward to DA for review; PC D. Allen | 2.0 | 2.0 |
| 1.20.08 | Trip to Daphne for meeting with expert & client | 6.5 | |
| 1.21.08 | Attend Deposition of Expert including travel time | 8.0 | |
| 1.22.08 | Completely review motion for default judgment including all transcript references, organize exhibits for submission; finalize bill and expenses | 6.0 | 6.0 |

JR. v. Pike County Board of Education  06→1120

Timesheet:  Susan DePaola

|  | for submission |  |  |
|---|---|---|---|
|  | Total Time: | 166.2 | 53.45 |
|  | **Total Fee:  58.45 @ $250/hour** |  | $14,612.50 |

JR v. Pike County    CV 06-1120

Susan Shirock DePaola

| DATE | Expense Description | Cost | Coon Related |
|------|---------------------|------|--------------|
| 2.9.07 | Subpoena Expenses | 222.48 | 222.48 |
| 3.4.07 | Westlaw Research re complaint | 135.00 | 135.00 |
| 4.16.07 | PACER Expense | 13.76 | 13.76 |
| 7.19.07 | Deposition Expense | 1996.20 | |
| 7.26.07 | PACER Expense | 20.88 | |
| 8.2.07 | Pike County Circuit Clerk (Certified Copy of Coon Conviction) | 15.50 | 15.50 |
| 9.6.07 | Expert Witness | 1500.00 | |
| 9.10.07 | Probate Court Costs re Coon | 5.00 | 5.00 |
| 9.13.07 | Federal Express to Witness | 31.49 | |
| 10.27.07 | Medical Records Expense re damages | 9.77 | 9.77 |
| 10.29.07 | Expert Witness | 1500.00 | |
| 10.30.07 | PACER | 11.12 | |
| 11.3.07 | Medical Records (JR) | 26.48 | 26.48 |
| 12.3.07 | Deposition Expense  (Andrew Wright  re damages 464.00) | 646.00 | 464.00 |
| 12.10.07 | UPS to Witness | 6.44 | |
| 1.10.08 | Patricia Starkie Transcript of testimony of AR on default | 120.45 | 120.45 |
| | **Total Expenses:** | | 1012.44 |
| | | | |
| | | | |
| | | | |

JR v. Pike County   CV 06-1120
Timesheet:   Deanie C. Allen

| DATE | ACTION | TIME | COON RELATED |
|------|--------|------|--------------|
| 07-24-05 | Case opened/Met w/Reeds | 4.0 | 3.0 |
| 11-06-06 | Email Corresp. w/Mom (AR) | 0.2 | 0.1* |
| 11-07-06 | 2 Telecons (TC) w/AR | 0.2 | 0.1 |
| 11-13-06 | Email Corresp. w/AR | 0.2 | 0.1 |
| 11-21-06 | Review notes from HO re pursuing fed. ct | 0.4 | 0.2 |
| 11-27-06 | TC w/Referring Atty Richard Dean (RD) | 0.1 | |
| | Meeting w/RD | 1.0 | 0.5 |
| | TC w/AR | 0.2 | 0.1 |
| 11-28-06 | TC w/AR | 0.2 | 0.1 |
| 12-01-06 | Review and summarize notes from RD | 1.3 | 0.7 |
| 12-04-06 | Review/Transcribe tape of initial interview w/JR & family | 3.6 | 1.8 |
| 12-05-06 | TC w/AR re proposed affidavit of sibling | 0.2 | 0.2 |
| | Email corresp. w/AR re meeting Thurs | 0.2 | 0.1 |
| 12-09-06 | TC w/Atty Susan DePaola (SD) re assoc. on case | 0.2 | 0.1 |
| 12-11-06 | TC w/AR re affidavit | 0.2 | 0.1 |
| | Draft/Revise case summary/notes | 1.0 | 0.5 |
| | TC w/SD re meeting | 0.1 | |
| 12-14-06 | Meeting w/SD to discuss case | 2.0 | 2.0 |
| 12-15-06 | Case prep/Summarize/Review Conversations/LR | 5.0 | 2.5 |
| | Email Corresp. w/SD | 0.1 | |
| 12-17-06 | Meeting w/SD | 0.5 | 1.75 |
| 12-18-06 | TC w/SD | 0.1 | |
| | LR 1983 claim | 1.5 | |
| | TC w/AR | 0.1 | |
| | Review/Revise Complaint | 2.0 | 1.0 |
| | Research damages | 1.3 | 0.7 |

PAGE2
07-02-2008 13:43

| | | | |
|---|---|---|---|
| 12-18-07 con. | TC w/SD | 0.1 | |
| | Review final draft of Complaint | 0.4 | 0.2 |
| | TC w/SD | 0.1 | 0.1 |
| | 3 Email corresp w/SD | 0.3 | 0.1 |
| | Efile   (Problems w/system) | 1.5 | 0.7 |
| 12-20-06 | TC w/AR | 0.2 | 0.1 |
| | Email corresp w/SD | 0.1 | |
| 01-02-07 | LR case law on pt | 0.5 | 0.2 |
| 01-08-07 | TC w/AR | 0.2 | 0.1 |
| 01-11-07 | TC w/Mona Watson-Pike Co Child Protect | 0.1 | 0.1 |
| | 2 TC w/AR | 0.2 | 0.1 |
| | TC w/ S. Shackleford-PCHS Resource Officer | 0.1 | 0.1 |
| | Email corresp w/SD | 0.1 | |
| 01-12-07 | 2 Email corresp w/SD | 0.2 | 0.1 |
| | TC w/AR | | |
| 01-17-07 | Meeting w/M. Watson & family in Troy | 7.0 | 7.0 |
| | Including travel time | | |
| 01-23-07 | TC w/AR | 0.2 | 0.1 |
| | Legal Research | 0.8 | 0.4 |
| | Email corresp w/SD | 0.2 | 0.1 |
| 01-29-07 | TC w/SD | 0.1 | |
| | TC w/AR | 0.1 | |
| 01-31-07 | TC w/AR | 0.1 | |
| 02-02-07 | TC w/AR | 0.2 | 0.1 |
| | TC w/SD | 0.2 | 0.1 |
| | TC w/Dr. Karl Kirkland re expert | 0.2 | |
| 02-05-07 | TC w/AR | 0.2 | 0.1 |
| | Email corresp w/SD | 0.1 | |
| | Trip to Troy to talk to family | 5.8 | 3.4 |
| | Including travel time | | |
| 03-05-07 | 3 TC wAR | 0.3 | 0.1 |
| | TC w/Witness Polly King | 0.5 | |
| 03-13-07 | Draft/Revise Letters re 3rd party subpoenas | 2.0 | |
| 03-21-07 | TC w/SD | 0.1 | |
| 03-22-07 | Email corresp w/SD | 0.1 | |

| | | | |
|---|---|---|---|
| 03-23-07 | Email corresp w/SD | 0.1 | |
| | TC w/SD | 0.1 | |
| | TC w/Officer Randy Courtney-Greenville PD | 0.1 | 0.1 |
| 03-26-07 | TC w/Officer R.Courtney | 0.2 | 0.2 |
| | TC w/City Atty Richard Hartley | 0.1 | 0.1 |
| | TC w/SD | 0.1 | 0.1 |
| | Rule 26 Meeting w/SD & D. Sweeney | 1.0 | |
| 03-28-07 | 5 TC to witnesses to followup on subpoenas | 1.8 | |
| 03-29-07 | Email corresp w/AR | 0.1 | |
| | TC w/AR | 0.2 | 0.1 |
| 04-09-07 | Draft/Revise subpoenas | 1.0 | |
| 04-10-07 | Prepare for depos/draft/revise depo & RFP quest. | 3.0 | |
| 04-11-07 | Draft/revise disclosure letter/subpoenas | 2.2 | |
| 04-12-07 | Meeting w/SD re initial disclosures | 1.5 | |
| 04-23-07 | 3 Email corresp w/SD | 0.3 | 0.1 |
| 04-30-07 | Meeting w/SD | 1.0 | 0.5 |
| 05-03-07 | Draft/ Revise subpoenas & research Coon employ. | 2.0 | 1.5 |
| 05-21-07 | TC w/SD | 0.1 | |
| 05-23-07 | Email corresp w/SD re depos | 0.1 | |
| 05-24-07 | 2 Email corresp w/AR | 0.2 | 0.1 |
| | Email corresp w/D. Sweeney | 0.2 | |
| 05-25-07 | TC w/AR | 0.2 | 0.1 |
| | Email corresp w/SD | 0.1 | |
| 05-31-07 | TC w/subpoena servers/meet | 0.4 | |
| 06-01-07 | Draft/Revise depo notices | 1.0 | |
| | Email corresp w/D. Sweeney office | 0.1 | |
| 06-01-07 continued | TC w/SD | 0.2 | |
| 06-29-07 | Fax/Mail PL 1st RFP & Interrog | 0.5 | |

| | | | |
|---|---|---|---|
| 07-03-07 | TC w/D. Sweeney office | 0.1 | |
| 07-10-07 | TC w/AR | 0.1 | |
| 07-11-07 | Review Def. Response to Interrog | 1.0 | |
| 07-12-07 | Review Discovery Production | 1.0 | |
| 07-13-07 | Meeting w/SD & Atty Mike Crow | 1.5 | 0.8 |
| 07-15-07 | Meeting w/parents to prepare for depo | 2.5 | 1.0 |
| 07-16-07 | TC w/SD | 0.1 | |
| | 2 Email corresp w/ D. Sweeney office | 0.2 | |
| | TC w/AR | 0.1 | |
| | Draft/Revise 3rd Party RFP to DHR & CP | 1.0 | |
| 07-18-07 | TC w/SD | 0.1 | |
| | TC w/AR | 0.2 | 0.1 |
| | Fax Notes to D. Sweeney office | 0.1 | |
| | Email corresp w/Ct Reporter | 0.1 | |
| | Prepare for Depos | 3.0 | |
| 07-19-07 | Attend depos in Troy of P. King & parents Including travel time | 7.8* | |
| 07-20-07 | TC w/JR Counselor A. Wright | 0.1 | 0.1 |
| | TC w/AR | 0.1 | 0.1 |
| | Review Depo notes | 1.0 | |
| | Review Police discovery | 1.0 | 1.0 |
| | Email corresp w/SD | 0.1 | |
| | Draft/Revise/fax subpoena to D. Sweeney office | 0.4 | |
| | Case Prep | 1.0 | 0.5 |
| | Review case law | 0.7 | 0.3 |
| 07-23-07 | Prepare for depos | 0.8 | |
| 07-24-07 | Attend depos in Troy including travel time | 8.0* | |
| 07-25-07 | Attend depos in Troy including travel time | 8.0* | |
| 08-20-07 | Review Case Law | 0.6 | 0.3 |
| 08-21-07 | Research requests, draft, revise ltr to D. Sweeney | 1.0 | |
| 08-22-07 | Continue letter to D. Sweeney/fax to SD | 0.7 | |
| 08-26-07 | Review depo of M. Bazzell/ck RFP | 1.3 | |

| | | | |
|---|---|---|---|
| 08-27-07 | Prepare questions for Sept 4 depo | 1.5 | |
| | TC w/M. Watson | 0.2 | |
| 08-29-07 | TC w/Laurie Shoemaker re expert | 0.1 | |
| 08-31-07 | Meeting w/SD | 1.0 | |
| | Prepare/fax additional discovery to D. Sweeney | 2.0 | |
| 09-02-07 | Preparation for depos | 2.0 | |
| 09-03-07 | Preparation for depos | 1.6 | |
| 09-04-07 | Attend depositions in Troy including travel time | 6.0* | |
| 09-06-07 | Meeting w/SD & Lucia Grantham | 1.5 | |
| | Draft/revise depo subpoena | 0.5 | |
| 09-11-07 | Prepare PI discovery to produce | 4.0 | |
| 09-12-07 | Draft/revise/email/mail depo notices | 1.0 | |
| 09-13-07 | Copy/fax/deliver to SD | 0.5 | |
| 09-19-07 | TC w/atty Allen Jones | 0.2 | 0.2 |
| | Draft/revise subpoena to R. Bradbury | 0.5 | 0.5 |
| | Fax depo notice to D. Sweeney | 0.1 | |
| | TC w/subpoena server | 0.1 | |
| 09-20-07 | TC w/2nd subpoena server | 0.2 | |
| | 2 TC w/ D. Sweeney office | 0.2 | |
| | Email corresp w/L. Grantham | 0.1 | |
| 09-21-07 | Email corresp w/D. Sweeney office | 0.1 | |
| 09-24-07 | Prepare add. PI discovery/fax to D. Sweeney | 0.3 | |
| 10-01-07 | Attend AW depo in Troy including travel time | 8.0* | 2.0 |
| | Email corresp w/SD | 0.1 | |
| 10-09-07 | Draft/revise subpoena to R. Bradbury | 0.3 | 0.3 |
| 10-17-07 | Preparation for depo | 1.5 | |
| | Email corresp w/ D. Sweeney office | 0.1 | |
| 10-18-07 | Attend depo in Troy including travel time | 6.0* | |
| 10-22-07 | 2 email corresp w/D. Sweeney office | 0.2 | |

| Date | Description | | |
|---|---|---|---|
| 10-22-07 | Meeting w/SD | 0.5 | |
| 10-23-07 | Email corresp w/D. Sweeney office | 0.1 | |
| | TC w/SD | 0.1 | |
| 10-25-07 | Trip to Probate in Greenville | 2.0 | 2.0 |
| 10-26-07 | Review expert's report | 0.5 | |
| | Email corresp w/SD | 0.2 | |
| | Email corresp w/ AR | 0.1 | |
| 11-20-07 | Continue AW depo inTroy including travel time | 4.0 | 4.0 |
| 12-03-07 | Email corresp w/AR | 0.1 | |
| 12-04-07 | TC w/ AR | 0.2 | 0.1 |
| 01-14-08 | TC w/AR | 0.2 | 0.1 |
| 01-16-08 | Review application for DJ | 0.8 | 0.8 |
| 01-18-08 | TC w/AR | 0.1 | |
| | Email corresp w/AR | 0.1 | |
| 01-20-08 | Trip to Daphne/Meeting w/expert & client | 6.5 | |
| 01-21-08 | Depo in Daphne including travel time | 6.0 | |
| 01-23-08 | Finalize billing/atty fees & costs | 2.0 | 0.5 |
| | **TOTAL HOURS** | 171.80 | 46.55 |
| | **RATE** | | 200.00/Hr |
| | **TOTAL FEES** | 34,360.00 | 9,310.00 |

NOTE:   Telephone calls, email corresp., meetings in which discussion included Coon as well as other defendants, I have halved the amt. of time charged.

<u>**EXPENSES**</u>

| DATE | DESCRIPTION | COST | COON RELATED |
|---|---|---|---|
| 11-21-06 | Overnight to clients | 6.38 | |
| 12-19-06 | Filing fee | 350.00 | 350.00 |
| 01-21-07 | Reagan Reporters/Trans. JR & | 523.00 | 523.00 |

JR sister & family initial interviews

| | | | |
|---|---|---|---|
| 04-24-07 | Subpoenas to Tuscaloosa City & Co. BOEs | 279.60 | 279.00 |
| 04-30-07 | Coon's records/Marion Co. BOE | 50.11 | 50.11 |
| | Coon's records/Dallas Co. BOE | 19.00 | 19.00 |
| 06-01-07 | Subpoena expense | 129.72 | |
| 06-05-07 | Coon's Personnel file | 23.15 | 23.15 |
| 07-23-07 | Subpoena Pike Co. DHR & Child Prot. | 147.52 | 147.52 |
| 08-03-07 | Subpoena AW & Cpl. Shackelford | 209.52 | 134.52 |
| | Client expense | 100.00 | |
| 09-12-07 | UPS Discovery | 26.91 | |
| 09-14-07 | Deposition expense | 420.00 | |
| 09-24-07 | Subpoena Sheriff Bradbury | 160.00 | 160.00 |
| 10-18-07 | Deposition expense | 356.50 | |
| 11-16-07 | Sheriff Bradbury Deposition expense | 381.25 | 381.25 |
| | **TOTAL EXPENSES:** | 4,128.02 | 2,067.55 |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Exhibit C

JR a minor, by his mother and father,          *
EAR and TMR,                                    *
                                                *
      Plaintiffs,                               *
                                                *
v.                                              *       Case No.:  CV2:06-cv-1120-MEF
                                                *
PIKE COUNTY BOARD OF EDUCATION,                 *
et al.,                                         *
                                                *
      Defendants.                               *

## AFFIDAVIT OF JAMES D. SEARS

STATE OF ALABAMA          )
COUNTY OF BALDWIN         )

**BEFORE ME**, a Notary Public in said County and State, personally appeared James D. Sears, who is known to me and who by me first being duly sworn, deposes and testifies as follows:

      1.      This Affidavit is executed in response to a request for information made to me by Susan Shirock DePaola and Deanie M. Allen, attorneys in Montgomery, Alabama.  I have personal knowledge of all of the facts and opinions expressed herein.

      2.      I am a licensed and practicing attorney and a member in good standing of the Alabama State Bar.  I was admitted to the Alabama Bar in 1988 after my graduation from The University of Alabama School of Law.  I have almost twenty years of litigation experience in state and Federal courts.  The main focus of my practice has been in special education law and criminal law representing defendants who have diagnoses of mental retardation and/or mental illness.  I am a solo practitioner with the Sears Law Firm in Daphne, Alabama.  I am admitted to practice before the Federal District Courts for the Southern District of Alabama, the Middle District of Alabama, the Northern District of Alabama, the Eastern District of Louisiana and the Southern District of

Mississippi. I am also admitted to practice before the United States Court of Appeals for the 11th Circuit. I have attached hereto a Curriculum Vita which details my training and areas of expertise.

3.      Throughout my legal career I have had primary responsibility for handling litigation relating to individuals who have disabilities. This litigation includes cases related to section 504 of the Rehabilitation Act of 1973, the Individuals with Disabilities Education Act, and other related civil rights statutes. I am familiar with the rates charged for legal services in these areas of practice.

4.      I am also knowledgeable of attorneys DePaola's and Allen's experience, expertise, and reputation in handling matters such as the current claims or causes of action asserted on behalf of J.R., the minor Plaintiff.

5.      I have examined the pertinent documentation including the pleadings in this matter, the hourly time records summarized in Plaintiff's itemization of time and the facts and opinions which are contained in this affidavit are based upon said examination and upon my experience in litigating similar federal statutory claims or causes of action.

6.      I am familiar with the factors identified by the Federal Court in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 715 (5th Cir. 1974) and therefore can comment on each as follows with respect to the current case.

> A.     <u>Desirability of the case</u>. There is a high degree of expertise related to the fact that the Plaintiff is mentally retarded. There are few attorneys in the state of Alabama that have the knowledge base to promote the appropriate arguments. Attorneys DePaola and Allen both have that knowledge base. Further, the Plaintiff is unable to pay any fees or cover the expenses of the case. Attorneys DePaola and Allen should be commended for their willingness to take this case on those terms—few attorneys would.

> B.     <u>Novelty and difficulty of the questions presented</u>. The interaction of disability law, civil law, and criminal law in this case requires that the attorney representing the Plaintiff possesses a clear understanding of all three areas.

C.    <u>Skill required to perform the legal services properly</u>.  Both of the attorneys representing the Plaintiff have an educational background, as well as a legal background which puts them in a relatively unique position to assess and develop the issues presented in this case.  The present case required an exertion of effort and skill much higher than that required in more routine matters.  The skills necessary to perform services in this action, required both a thorough understanding of civil rights law as it relates to person with disabilities and disability law generally.  These skills are not normally gained through the general practice of law or through traditional legal training.  This is a relatively obscure area of practice and requires an unusually high degree of skill and knowledge.

D.    <u>Time and labor required</u>.  I have examined the time sheets for both of the attorneys for the Plaintiff and find all of the services and expenses described therein as reasonable and necessary to prosecute this action.  I have determined that the attorneys have worked diligently to avoid duplication of charges for services rendered even in those instances where both participated in depositions and other activities.  I have also determined that both attorneys diligently and conservatively, probably in detriment to their respective interests, parceled out and claimed time and expenses that were limited to the prosecution of Defendant Coon.

E.    <u>Customary fees</u>.  The rates of fees charged by attorneys DePaola and Allen ($250.00 and $200.00 per hour respectively) are more than reasonable.  In my representation of individuals who have disabilities I have charged fees for contingent and noncontingent work at a rate as high as $300.00 per hour.  I am also familiar with the hourly rates charged by Alabama trial attorneys for representation of clients in Federal court litigation involving both civil rights and education law.  The hourly rates of individuals with competence or experience similar to Plaintiff's attorneys, encompass the requested rate.  Finally, I am very familiar with attorneys DePaola and Allen and believe that they exercise a great deal of competence in the areas associated the representation of persons with disabilities.  It is my opinion that they have practiced billing discretion and good judgment in their expenditure of time and expense.

**FURTHER**, the affiant sayeth not.

JAMES D. SEARS

**SWORN TO AND SUBSCRIBED** before me on this the 7th day of July, 2008.

MELANIE B. STUCKEY, Notary Public
My Commission Expires:  April 28, 2010